## The Travelers Indemnity Company v. Contorchick

*Timothy P. Creany*, for plaintiff.
*Blair V. Pawlowski*, for defendants.
*Vasil Fisanick*, for additional defendant.

ABOOD, *J.*, August 31, 1979—Plaintiff brought suit in assumpsit against defendants to recover the

amount which plaintiff paid on a performance bond to the West Carroll Township Water and Sewer Authority, additional defendant.

In 1975, defendants contracted with additional defendant to perform certain construction and plaintiff posted a performance bond to assure performance. Defendants entered into a general agreement of indemnity with plaintiff.

Subsequently additional defendant charged defendants with breach of contract and approximately three months thereafter made demand on plaintiff for payment under the bond.

Plaintiff paid additional defendant $16,040 and acquired an unconditional release of liability, as well as an assignment of its contractual claims against defendants.

In this suit plaintiff has sued defendants for indemnity. Defendants joined additional defendant pursuant to Pa.R.C.P. 2252(a). Additional defendant filed preliminary objections to its joinder as a party.

By its preliminary objections additional defendant asserts that it was improperly joined under Pa.R.C.P. 2252 and that any dispute between it and defendants must be resolved under the arbitration clause of the contract they entered into initially.

Subsection (a) of Pa.R.C.P. 2252 contains the operative and relevant language in question and since the rule's amendment in 1969, joinder is allowed where the added party could be liable over to *defendants* upon a cause of action arising out of the same transaction or series of events as that which formed the basis for plaintiff's complaint. The earlier rule permitted joinder only where the added party could be liable over to *plaintiff* on plaintiff's cause of action.

The 1969 amendment significantly liberalized the practice of joining third parties.

For examples of how the trend to liberal construction of Rule 2252 has grown see General Motors Acceptance Corporation v. Carpenter, 56 D. & C. 2d 279 (1972); A.M. Greenfield Co., Inc. v. Goodman, 36 Lehigh 142 (1974); Shaffer v. Algatt, 60 D. & C. 2d 571 (1973).

Plaintiff's action against defendants is for indemnity under a bond. As such it involves a contractual obligation to which additional defendant is not a party and for which it may not be sued. However, a condition precedent to plaintiff's action against defendants is its payment of the penal sum to the additional defendant because of defendants' alleged breach of contract. Defendants in their complaint against additional defendant assert that the breach of the contract was on the part of additional defendant thereby releasing defendants from any obligation under the contract.

Prior to 1969 this could not have been asserted; however, since the 1969 amendment it can be a valid contention.

Additional defendant's choice to proceed against the bond rather than arbitrating its dispute initially is a waiver of those primary arbitration rights. Its assignment of its contractual rights to plaintiff upon payment by plaintiff is a further indication of a waiver. This court realizes that a waiver of arbitration rights may not be lightly inferred. There must be a resulting prejudice apparently to infer waiver. However, long delay in itself constitutes prejudice. See Gavlik Construction Co. v. H.F. Campbell Co., 526 F. 2d 777 (3d Cir. 1975).

Additional defendant's initial election to proceed against the bond and its assignment of its rights has

necessitated defendants' defense of the present action and for additional defendant to now insist on arbitration would be prejudicial to defendants as well as to plaintiff.

Accordingly, the following order is entered.

## ORDER

And now, August 31, 1979, the preliminary objections of additional defendant are hereby dismissed and additional defendant is given 20 days to answer the complaint filed against it.